PALMER et al. v. HARRISON.

(Supreme Court, Appellate Term. June 28, 1899.)

CUSTOM—SUFFICIENCY OF EVIDENCE TO ESTABLISH.

Where plaintiff seeks to have a contract construed in the light of a custom, it must be shown to be of such a uniform, continual, and general usage that defendant must be presumed to have contracted with reference to it.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by L. Sherwood Palmer and Clarence W. Gaylor against John B. Harrison for money had and received. Judgment for plaintiffs, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Thomas McKnight, for appellant.

Mayer & Gilbert, for respondents.

FREEDMAN, P. J. The complaint in this action was oral, and was amended on the trial from a cause of action for breach of contract to one for money had and received, and the plaintiffs recovered a judgment against the defendant for the sum of $215.25. From a large amount of testimony, nearly all of which is wholly immaterial upon the main question at issue, the following substantially undisputed facts may be gleaned: The plaintiffs were real-estate brokers, and the defendant is an attorney and counselor at law. One of the plaintiffs (Palmer) applied to the defendant to obtain a loan of $80,-000, to be made upon the property of one Smith, a client of the plaintiffs. The defendant said he thought the loan could be obtained, and asked Palmer what Smith would pay, and Palmer replied in these words, "Two per cent. to cover." The loan was obtained by defendant, and, at the time the title passed, Smith gave the defendant his check for the the sum of $1,600, being the 2 per cent. upon the $80,-000 which he had agreed to pay. Defendant then drew his check for the sum of $584.75, which, with an itemized bill for $215.25 claimed to have been paid by him for disbursements in searching title, procuring insurance, etc., the defendant tendered the plaintiffs, who were both present. The plaintiffs thereupon insisted that they were entitled to the sum of $800 net, and that the disbursements should be paid by the defendant from the 1 per cent., which it was conceded belonged to him for his services in obtaining the loan. After considerable controversy over the question, as to who should pay the disbursements aforesaid, the plaintiffs took the check and bill, as they say, "under protest," and some time thereafter brought this action to recover the sum of $215.25, claimed by them to have been retained by the defendant without right. There is no claim made that the defendant was not entitled to at least 1 per cent. for his services. Neither does Palmer, who made the agreement with the defendant relative to obtaining the loan, testify that the defendant expressly agreed that the disbursements should be paid by him (defendant), although he had some 10 or 12 conversations with the defendant regarding the transaction. The claim of the plaintiffs, that they are entitled to the sum of 1 per cent. exclusive of disbursements, does not rest, therefore, upon any express agreement with defendant, and it devolved upon them to show what was the meaning of the assertion that Smith would pay "two per cent. to cover," and how much of that sum they were entitled to receive as brokers. They endeavored to do this by showing that it was the custom among brokers and attorneys, in cases of loans of this character, for the lawyer obtaining the loan; making the searches, etc., to receive the sum of 1 per cent., which sum should include the disbursements. "Such custom

must be shown to be of such a uniform, continual, and general usage that the defendant must be presumed to have contracted with reference to it." Scott v. Brown, 27 Misc. Rep. 204, 57 N. Y. Supp. 763, and cases cited. But the plaintiffs' testimony upon this point is vague and uncertain, while the testimony given on behalf of the defendant is clear and convincing that the custom, in cases similar to the one at bar, is for the broker to pay the disbursements, and the attorney to receive the sum of 1 per cent., exclusive of the expenses in making the searches, etc. As the judgment must therefore be reversed, it is unnecessary to consider the other points raised by the appellant.

Judgment reversed, new trial ordered, with costs to the appellant to abide the event. All concur.